IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENDRA FERGUSON,

    Plaintiff,

v.     2:22-CV-00273-KWR/KRS

STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT CENTRAL OFFICE ADMINISTRATION;
STATE OF NEW MEXICO CORRECTIONS DEPARTMENT
REGION IV; STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT CLOVIS DISTRICT OFFICE; MELANIE
MARTINEZ, in her position as Director for the State of New
Mexico Corrections Department; SUSAN PAUTLER, in her
position as Region IV Manager for the Corrections Department;
ISABEL LUCERO, in her position as Clovis District Office Probation
and Parole Supervisor; CITY OF CLOVIS; CITY OF CLOVIS
POLICE DEPARTMENT; DOUG FORD, in his position as
Chief of Police for the Clovis Police Department; MIKE MORRIS,
in his position as Mayor of the City of Clovis,

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

    **THIS MATTER** having come before the Court upon the agreement of the parties, by and through their respective counsel, to keep confidential certain records that may be produced through this litigation and which one or more parties will regard as proprietary or otherwise confidential, and the Court being fully informed in the premises, **FINDS** the agreement of the parties is well taken and shall be entered as a Stipulated Confidentiality Agreement and Protective Order in this matter.

    **IT IS HEREBY ORDERED** that all documents, records and information designated by any party as "Confidential" shall be kept strictly confidential from any disclosure which is not necessary to the prosecution and/or defense of the claims in this lawsuit, meaning that these documents and the information contained in them will be protected from disclosure outside of this lawsuit.

1.	A "Confidential Document" shall mean documents or information produced by any party to this action that are contained within or which originated from New Mexico Corrections Department ("NMCD") employee files; NMCD and/or State Personnel Office ("SPO") databases; and NMCD and/or SPO files containing personnel records, medical records and personal information.  This definition does not include any information which is in the public record and will not become subject to this order simply by being produced in this case.  However, information which is already protected by any existing or previous confidentiality agreement or order is automatically subject to this Order.

2.	"Confidential Document" shall also mean:

(a) documents or information produced by Plaintiff and Defendants that contain personal, private, medical, or financial information, and all identifying particulars (e.g. name, photograph, fingerprint, physical description, home address, home telephone, and social security number) concerning Plaintiff or Defendants and concerning employees of NMCD and its various divisions and offices; and

(b) any information, documents or other tangible items produced by any party or designated as "Confidential," that the party reasonably and in good faith believes meets the definition of Confidential contained in Paragraph 1 or 2 above or that constitutes personal, private, or similarly protected information under applicable statutes or common law or regulations.

3.	A "Stamped Confidential Document" shall mean any document which on its face bears the following legend:

**"CONFIDENTIAL"**

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or attach materials entitled to protection under this Order may be accorded status as a Confidential Document.

**IT IS FURTHER ORDERED** that this Confidentiality Order shall apply to the parties in this matter, the attorneys involved in this matter, the law firms of the attorneys including their staff and any expert consultants or expert witnesses retained in this matter as follows:

1. All documents, records and information designated by any party as a Confidential Document shall be kept strictly confidential from any disclosure which is not necessary to the prosecution and/or defense of the claims in this lawsuit, meaning that these documents and the information contained in them will be protected from disclosure outside of this lawsuit.

2. All Confidential Documents, files and/or other tangible things, including videotapes, produced for inspection and copying by any party may be disclosed only to the following:

    a. Each party and the parties' legal counsel, including secretaries, legal assistants and clerical and support personnel working with or under the supervision of counsel, to the extent such disclosure is reasonably necessary to render professional services related to this action;
    b. Contract or temporary personnel engaged by, or working under, the direct supervision of each party's counsel, to the extent such disclosure is reasonably necessary to render professional services in this action;
    c. Any expert witness retained by any party for purposes of testifying or assisting in the preparation for trial or hearing of any further proceedings in this action;
    d. Such additional persons as agreed to in writing by these parties or otherwise ordered by a court of competent jurisdiction; and,
    e. Any person who may testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in the preparation or examination of the witness.

3. Each party must instruct any and all persons to be given access to a Confidential Document as to the terms and restrictions of this Stipulated Confidentiality Agreement and Protective Order and provide said person with a copy of the Order; those persons must agree to be bound by the terms of this Order <u>before</u> being given access to the documents.

4. The protection of this Order may be invoked with respect to any covered material by any party to this litigation.

5. Parties agree that portions of depositions may designated as a Confidential by way of sending the opposing counsel a letter, within 30 days of counsel's receipt of any deposition transcript, designating by page and line those portions of the deposition which are deemed confidential.

6. With respect to documents, answers to interrogatories or requests for admission produced, or to deposition transcripts delivered to any party to this action prior to the entry of this Order, any party shall have thirty (30) days from its entry to invoke the protection of this Order.

7. Any party wishing to challenge the designation of confidentiality assigned by any other party with respect to any material shall give written notice of such objection to counsel for the party who so designated the material in question. The parties agree to attempt promptly to resolve any objections through agreement. Any objections to designation not resolved by agreement of counsel shall be presented for resolution to the Court within twenty (20) days after a party is so notified, or such additional time as may be agreed upon or allowed by the Court. The party making the claim of confidentiality to which objection has been made shall move for a determination of whether the information is confidential. Failure to so move within the allotted period of time, including any extensions thereof, shall constitute a waiver of the claim of confidentiality. Any material which is the subject of the motion and which is attached thereto, and any portions of the motion and any supporting memorandum brief making reference to such material shall be filed under seal, as provided in paragraph 12 below. The burden rests upon the party seeking the designation of Confidential to demonstrate its necessity. Determination of a party's claim of confidentiality shall be made in accordance with the standards of the applicable

State of New Mexico Rules of Civil Procedure and Federal Rules of Civil Procedure. The provisions of this Order respecting confidentiality shall apply to any information or documents which are the subject of such motions until the matter is finally determined by the Court.

8. Within sixty (60) days after such time as this action is concluded, whether a final adjudication on the merits from which there remains no right of appeal, or by other means, and subject to further order of the Court or written stipulation of the parties, any party producing confidential material may require the party to whom such material was produced either to destroy, and so certify, all documents and copies containing confidential materials in the possession or control of that party or counsel (including but not limited to copies in the possession or control of any expert or employee) to the party who produced them, with the exception of any document containing an attorney's work product which shall continue to be subject to the provisions of this Order. The destruction of all such documents not otherwise excepted shall be completed within sixty (60) days after the entry of a final judgment or final order. With respect to deposition transcripts or other transcripts of testimony which contain confidential information, the transcript shall remain the property of the party purchasing it, but the confidential information contained therein shall continue to remain subject to the provisions of this Order.

9. The original of any material, as opposed to any copies thereof, designated as confidential which has been produced by any party in this litigation shall not be destroyed except pursuant to a plan therefore to be prepared by the parties and approved by the Court upon termination of the litigation.

10. Nothing in this Order shall preclude any party from applying to the Court for additional or different protective provisions in respect to specific material if the need should arise during this litigation. The Court shall retain jurisdiction over the parties and over any person

executing an undertaking to be bound by the terms of this Order, until the confidential material either is destroyed pursuant to the terms of this Order.

11. This Order governs the treatment of all confidential information of the parties up to the time of trial of this action. Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or any hearing before the Court in this litigation any confidential material, provided that reasonable notice of the intended use of such material (*e.g.*, a pretrial order) shall be given to opposing counsel. The opposing party may apply to the Court for further protection of the confidentiality of such material.

12. No confidential materials shall be filed in the public record of this action. All material so designated in accordance with the terms of this Confidentiality Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope and kept under seal by the Clerk of the Court until further Order of the Court. Where possible, only confidential portions of filings with the court shall be filed under seal. Upon agreement, a version of the Confidential Document with sufficient redactions approved by all parties may be filed in the public record.

13. To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a sealed envelope bearing the appropriate designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

14. Any of the parties may modify any of the provisions of this Order by written agreement between or among themselves so long as any such agreement among less than all of the parties does not affect the rights, duties, and obligations of any other party.

    **SO STIPULATED AND ORDERED.**

                                                                  **HONORABLE KEVIN R. SWEAZEA**
                                                                  **UNITED STATES MAGISTRATE JUDGE**

SUBMITTED BY:

**HINKLE SHANOR LLP**

*/s/ Stephen S. Shanor*
Stephen S. Shanor
Chelsea R. Green
Ann Cox Tripp
P.O. Box 10
Roswell, NM  88202-0010
575-622-6510 / 575-623-9332 Fax
ssshanor@hinklelawfirm.com
cgreen@hinklelawfirm.com
atripp@hinklelawfirm.com
*Attorneys for Defendants*

APPROVED BY:

**CHRISTIAN P. CHRISTENSEN, LLC**

*Electronically Approved 07/05/23*
Christian P. Christensen
PO Box 844
101 N. Avenue A
Portales, NM 88130-0844
(575) 226-5291
cpclaw@yucca.net
*Attorney for Plaintiff*