IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENDA FERGUSON,

    Plaintiff,

vs.                                                                                 2:22-cv-00373-KWR-KRS

STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT CENTRAL OFFICE ADMINISTRATION,
*Et al.*,

    Defendants.

## ORDER TO SHOW CAUSE

    This Court has an obligation to examine its subject matter jurisdiction *sua sponte* upon reviewing the Complaint and the record in this case. The Court directs the parties to show cause as to why the Court should not remand this case for a lack of subject matter jurisdiction.

    Plaintiff Ferguson brought this action against the Defendants in the New Mexico Ninth Judicial District, alleging employment discrimination during her employment with the New Mexico Department of Corrections. The Plaintiff brought her claims under the New Mexico Tort Claims Act, the New Mexico Constitution, and the United States Constitution, alleging (1) hostile work environment, (2) discrimination, (3) sexual discrimination, (4) intentional infliction of emotional distress, (5) defamation, (6) retaliation, (7) failure to follow procedures, (8) misuse of process, (9) malicious use of process, and (10) negligence. It is unclear under which law(s) the Plaintiff is bringing each claim.

    The parties have not yet established subject matter jurisdiction. A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir.2001); *Citizens Concerned for Separation*

*of Church & State v. City & County of Denver,* 628 F.2d 1289, 1301 (10th Cir.1980). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir.2004); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

The Defendants removed this case to this Court, invoking Federal Question jurisdiction, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.  The Court concludes that the claims and jurisdiction specified in the Complaint are insufficient to establish Federal Question jurisdiction and thus, presently insufficient to establish subject matter jurisdiction.  Although Plaintiff asserts she is bringing her claims under the New Mexico and United States Constitutions, Doc. 1, Ex. 1 at ¶¶ 5-7, it is unclear which of the ten claims arise out of a federal cause of action.  No party has asserted that diversity jurisdiction exists.

The parties must show cause as to why the Court should not remand this case for a lack of subject matter jurisdiction.  In order to comply with this Order to Show Cause, the parties shall file written responses within **seven (7) days** of the filing of this order specifying whether each claim is brought under federal or state law.  The parties are directed to specify under which particular law each claim arises.  If a federal claim, the parties must specify under which statute or amendment the claim arises.  **If the parties fail to timely respond to this Order to Show Cause,**

2

**or fail to establish subject matter jurisdiction, this case may be remanded or dismissed without prejudice and without further notice**.

IT IS SO ORDERED.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE